UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DEWEY,

                    Petitioner,

v.

GEORGE STEPHENSON,

                    Respondent.

_____/

Case No. 2:21-cv-10808

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS [1], DECLINING
TO ISSUE CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner William Dewey is an inmate at the Macomb Correctional Facility.

ECF 1, PgID 1. He filed a pro se petition for a writ of habeas corpus under 28 U.S.C.

§ 2241. *Id.* Petitioner challenged his conviction for two counts of second-degree child

abuse, Mich. Comp. Laws § 750.136b(3), and being a fourth felony habitual offender,

Mich. Comp. Laws § 769.12. *Id.* For the reasons below, the Court will deny the habeas

petition.[1]

**BACKGROUND**

Michigan charged Petitioner with six counts of second-degree child abuse. *Id.*

at 144–45. At the probable cause conference, the prosecutor offered to allow petitioner

to plead guilty to three counts of second-degree child abuse along with being a fourth

---

[1] The Court need not hold a hearing because Petitioner is proceeding pro se and is
incarcerated. E.D. Mich. L.R. 7.1(f)(1).

felony habitual offender in exchange for dismissing the remaining charges. ECF 7-1, PgID 383. Petitioner did not plead guilty, and after a preliminary examination the case was bound over for trial. ECF 8-2.

The prosecutor then charged Petitioner with six counts of second-degree child abuse, but it did not charge him as a habitual offender. ECF 1, PgID 177–78. The amended information also did not refer to Petitioner as a fourth habitual offender. *Id.* at 179–80. Two months later, the prosecutor filed a second amended information that added a fourth felony habitual felony charge to the amended information's charges. *Id.* at 181–84.

Before Petitioner's plea hearing the prosecutor, defense counsel, and Petitioner signed a plea agreement that Petitioner would plead no–contest to two counts of second-degree child abuse as a fourth habitual offender in exchange for dismissing the other charges. ECF 7-2, PgID 385. The parties also agreed that the State would not file additional charges from another case. *Id.* The trial court entered the sentence agreement under *People v. Cobbs*,[2] and sentenced petitioner to no more than ten years on the minimum sentence. ECF 7-2, PgID 385.

At the plea hearing, defense counsel put the terms of the plea and sentence agreement on the record, including the fact that Petitioner would plead no–contest to

---

[2] In *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily suggest the appropriate length of sentence, but if the defendant subsequently pleads no–contest and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. *See* M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x 701, 703, n.1 (6th Cir. 2007).

being a fourth felony habitual offender. ECF 8-5, PgID 547–48. The prosecutor

tendered an amended information and habitual offender notice to the court. *Id.* at

549.

The trial court then placed Petitioner under oath. *Id.* at 550. When the trial

court asked if Petitioner could read and write English, he responded that his

comprehension was "fair." *Id.* at 551. But he acknowledged reading and

understanding the plea agreement form. *Id.* The trial court advised Petitioner that

he faced up to life in prison because he was pleading to the second-degree child abuse

charges with the habitual offender supplement. *Id.* at 552. Petitioner stated he

understood the penalties. *Id.* He also acknowledged understanding the terms of the

plea and sentence agreement. ECF 8-5, PgID 552. The court also advised Petitioner

of the trial rights that he would waive by pleading no–contest. ECF 8-5, PgID 552–

55. Petitioner confirmed that he understood the rights that he would relinquish by

pleading no–contest. *Id.* He stated that no one threatened him to plead no–contest

and that he alone decided to plead. *Id.* at 555. The court then made a factual basis

for the plea. *Id.* at 555–57. Petitioner acknowledged he had three prior felony

convictions to support the fourth habitual offender charge. *Id.* at 557–58.

The court ultimately sentenced Petitioner to concurrent terms of 10–60 years

in prison. ECF 8-6, PgID 573–74. After his conviction, however, Petitioner moved to

withdraw his plea. ECF 8-4, PgID 543. The court denied the motion. *Id.*

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v.*

*Dewey,* No. 343799 (Mich. Ct. App. July 18, 2018); s*ee also*, *People v. Dewey*, 503 Mich.

948, (2019) (denying leave to appeal). Petitioner then filed a post-conviction motion for relief from judgment that the appellate court denied. ECF 8-8. The appellate court also denied petitioner leave to appeal that denial. *People v. Dewey,* No. 351119 (Mich. Ct. App. Feb. 27, 2020). The Michigan Supreme Court later denied leave to appeal in a standard form order. *People v. Dewey*, 503 Mich. 948, (2019). Petitioner then filed the present habeas petition based on six grounds. ECF 1.

First, Petitioner argued that the Court should permit him to withdraw his no–contest plea because his attorney coerced him into pleading no–contest. ECF 1, PgID 104. Second, Petitioner appeared to argue that he did not know he was pleading no–contest to the habitual offender charge. *Id.* Third, he argued that the Court should vacate the habitual offender charge because the State untimely filed it. *Id.* Fourth, he claimed that his plea was involuntary because the plea and sentencing agreement were illusory. *Id.* Fifth, he asserted that his trial counsel was ineffective for letting him plead no–contest to the habitual offender charge. *Id.* Sixth, Petitioner argued that his appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claim and perhaps several other claims on direct appeal. *Id.* Seventh, he argued the trial court violated his constitutional rights when it failed to conduct an evidentiary hearing on the ineffective assistance of counsel claims that petitioner raised in his post-conviction motion. ECF 1, PgID 104.

## LEGAL STANDARD

The Court may only grant a State prisoner habeas relief if his claims were adjudicated on the merits and the state-court adjudication was "contrary to" or

resulted in an "unreasonable application of" clearly established law. 28 U.S.C. § 2254(d)(1). "A [S]tate court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [that] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (cleaned up) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

A State court unreasonably applies Supreme Court precedent not when its application of precedent is merely "incorrect or erroneous" but only when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). "A [S]tate court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the [S]tate court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664  (2004)). A State court need not cite to or be aware of Supreme Court cases "so long as neither the reasoning nor the result of the [S]tate-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by "lower federal courts may be instructive in assessing the reasonableness of a [S]tate court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (cleaned up).

The Antiterrorism and Effective Death Penalty Act's ("AEDPA") deferential standard of review applies to Petitioner's coerced-plea claim. The Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented,"

*People v. Dewey,* No. 343799 (Mich. Ct. App. July 18, 2018), and the Michigan

Supreme Court later denied leave to appeal in a standard form order, *People v. Dewey,*

503 Mich. 948, (2019). Both orders were decisions on the merits. *See Werth v. Bell,*

692 F.3d 486, 492–94 (6th Cir. 2012).

Petitioner raised his remaining claims in his post-conviction motion for relief

from judgment. In reviewing a claim under AEDPA's deferential standard of review,

the Court must give appropriate deference to "the last [S]tate court to issue a

reasoned opinion on the issue." *Hoffner v. Bradshaw,* 622 F.3d 487, 505 (6th Cir.

2010) (quoting *Payne v. Bell,* 418 F.3d 644, 660 (6th Cir. 2005)). But the Michigan

Court of Appeals and the Michigan Supreme Court both denied petitioner's post-

conviction application for leave to appeal in unexplained one-sentence orders. *People

v. Dewey,* No. 343799 (Mich. Ct. App. July 18, 2018); *People v. Dewey,* 507 Mich. 899,

(2021). Thus, the Court must "look through" the Michigan Court of Appeals and the

Michigan Supreme Court's decisions to the trial court's opinion. The Court must then

decide whether that court's adjudication of Petitioner's claims was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." § 2254(d)(1).

## DISCUSSION

The Court will address Petitioner's claims in the order he presented them. The

Court will then deny Petitioner a writ of habeas corpus, a certificate of appealability,

and leave to appeal in forma pauperis.

I.     Claim One: Coerced Plea

There is "no federal due process right to seek to withdraw [a] guilty plea." *Hynes v. Birkett,* 526 F. App'x 515, 521 (6th Cir. 2013). Unless a petitioner's no–contest plea "violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's no–contest [plea] is discretionary with the [S]tate trial court." *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). And "[i]t is well-settled that post-sentencing buyer's remorse is not a valid basis" to set aside an otherwise valid no–contest plea. *Meek v. Bergh*, 526 F. App'x 530, 536 (6th Cir. 2013) (cleaned up).

A petitioner must voluntarily and intelligently enter a no–contest plea. *See Shanks,* 387 F. Supp. 2d at 749. For a petitioner to make a no–contest plea voluntarily and intelligently he must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Inst.*, 927 F.2d 256, 257 (6th Cir. 1991). And the petitioner must know about the maximum sentence that the court may impose on him. *King v. Dutton,* 17 F.3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his no–contest plea, the State generally satisfies its burden by producing a transcript of the State court proceedings showing that the plea was voluntary. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

"In any proceeding instituted in a [f]ederal court by an application for a writ of habeas corpus . . . a determination after a hearing on the merits of a factual issue . . . shall be presumed to be correct." *Garcia*, 991 F.2d at 327. The petitioner

"must overcome a heavy burden" before the federal court may overturn a State court's findings. *Id.*

A federal court will uphold a State court no–contest plea if the circumstances show that the defendant understood the nature and consequences of the charges and voluntarily chose to plead no–contest. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

The Court will deny Petitioner's claim that his attorney coerced him because Petitioner freely and voluntarily pleaded no–contest. The trial court told Petitioner the maximum penalty for the charges and the rights he would be waiving by pleading no–contest. ECF 8-5, PgID 552. The court advised Petitioner of the terms of the plea and sentencing agreement several times, and he acknowledged them as the complete terms of the agreement. *See* ECF 8-5. In response to the trial court's questions, Petitioner denied that anyone made threats or additional promises to convince him to plead no–contest. ECF 8-5, PgID 555; *see Spencer,* 836 F.2d at 240–41. And petitioner presented no evidence to bolster his claim that his plea was the result of threats or duress from defense counsel. *See* ECF 8. Under the circumstances, the transcript and colloquy show that Petitioner made his plea knowingly and intelligently.

In all, Petitioner's claim that his attorney coerced him into pleading no–contest cannot overcome the heavy "presumption of verity" that attached to petitioner's statements during the plea colloquy. *Shanks,* 387 F. Supp. 2d at 750–51; *see Garcia,* 991 F.2d at 327. The Court therefore denies habeas relief as to the first claim.

II.     Claim Two: Knowledge of Habitual Offender Charge

"[T]he [S]tate trial court's proper [plea] colloquy can be said to . . . cure[] any misunderstanding [a defendant] may have had about the consequences of his plea." *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). In Petitioner's case, the trial court explained to him that he was pleading no–contest to the habitual offender charge as well as to the underlying child abuse charges. ECF 8-5, PgID 555. The trial court advised petitioner that he faced up to life in prison as a habitual offender. *Id.* at 552. When the court told Petitioner that he was "admitting [to] three prior felonies," Petitioner responded, "Yes, ma'am." *Id.* at 551. The plea agreement form that Petitioner admitted to reading also reflected that Petitioner was pleading no–contest to being a habitual offender. *Id.* at 547–49, 552. Thus, Petitioner's second claim lacks merit.

III.    Claim Three: Untimely Habitual Offender Charge

Petitioner's claim involving the application of Michigan's habitual offender law is non-cognizable on habeas review because it involves an application of State law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of [S]tate law.") And a "plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects.'" *United States v. Freed,* 688 F.2d 24, 25 (6th Cir. 1982) (citation omitted). Thus, the Court will deny Petitioner habeas relief on the claim.

IV.    Claim Four: Illusory Plea

A petitioner acts involuntarily and unknowingly if he enters a plea agreement and is "in no way informed as to the illusory nature of the [prosecution's] promise." *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). Illusory promises that "induce a defendant to waive his right to trial and instead enter a guilty plea have been found to constitute coercion." *Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994). But when a petitioner received a "real, tangible benefit . . . in consideration for his plea," the bargain is not illusory. *Daniels v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994).

Petitioner faced a maximum sentence of life in prison as a fourth felony habitual offender. *See* Mich. Comp. Laws § 769.12(1)(a). But the plea agreement limited Petitioner's minimum sentence to no more than ten years in prison. ECF 8-5, PgID 552. And the prosecutor dismissed four counts because of the plea agreement. *Id.* at 547. Thus, the bargain was not illusory because Petitioner received a "real, tangible benefit . . . in consideration for his plea." *Daniels*, 845 F. Supp. at 1174.

What is more, when a defendant rejects a plea bargain, the prosecutor may dismiss criminal charges and reissue them along with a timely filed supplemental information charging the defendant with being a habitual offender. *See People v. Bennett,* No. 222608, 2001 WL 1512069, *11 (Mich. Ct. App. Nov. 27, 2001). Thus, Petitioner could have faced the prospect of a habitual offender charge even if he had not accepted the plea. All told, the plea agreement here was not illusory, and the claim is denied.

V.    Claim Five: Ineffective Trial Counsel

An ineffective assistance of counsel claim has two prongs. First, the petitioner must demonstrate that counsel's performance was so deficient that petitioner was denied his Sixth Amendment rights. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner must overcome a strong presumption that counsel's behavior was within the range of reasonable professional assistance. *Id.* Second, petitioner must show that his attorney's performance prejudiced his defense. *Id.* To demonstrate prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In the context of a no–contest plea, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded no–contest and would have gone to trial. *Premo v. Moore,* 562 U.S. 115, 129 (2011) (citation omitted). On a habeas claim, the Court must analyze the substance of the habeas petitioner's underlying claim or defense to determine whether petitioner likely would have gone to trial rather than pleading no–contest. *See Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003). Whether a defendant would have not pleaded no–contest if he had received different advice from counsel "is objective, not subjective." *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012). Thus, "to obtain relief on this type of claim, a petitioner must convince the [C]ourt that a decision to reject the plea bargain would have been rational under the circumstances.'" *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

11

Petitioner did not show a reasonable probability that he could have prevailed or received a lesser sentence. The State charged Petitioner with second-degree child abuse. Second-degree child abuse is a crime normally publishable by "not more than [ten] years." Mich. Comp. Laws § 750.136b(4)(a). But if the defendant has a prior child abuse conviction, Mich. Comp. Laws § 769.12(1)(a) increases the maximum sentence to life in prison. Petitioner's counsel negotiated a plea bargain that bound the prosecutor to dismiss several charges and agree not to pursue additional charges. ECF 8-5, PgID 547–48. Moreover, the trial court and the prosecutor agreed that Petitioner would receive no more than ten years on the minimum sentence if he pleaded no–contest. ECF 8-5 PgID 547. And because the Court already determined Petitioner's plea was not illusory, counsel was not ineffective for advising Petitioner to accept it. *See Doughty v. Grayson*, 397 F. Supp. 2d 867, 882–83 (E.D. Mich. 2005).

All told, Petitioner failed to show where his attorney made an error. Moreover, he did not show a reasonable probability that, but for his attorney's errors, he would have received a lesser sentence. Thus, Petitioner failed to show either attorney error or that he would have gone to trial rather than pleading no–contest. The Court will therefore deny claim five.

## VI.   Claim Six: Ineffective Appellate Counsel

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel on appeals of right and first-tier discretionary appeals. *See Halbert v. Michigan*, 545 U.S. 605, 609–10 (2005). Court-appointed counsel does not have a constitutional duty to raise every non-frivolous issue requested by a

12

defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). And "appellate counsel cannot

be found to be ineffective for failure to raise an issue that lacks merit." *Shaneberger*

*v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (cleaned up). A habeas court reviewing an

ineffective assistance of appellate counsel claim must defer twice: first to appellate

counsel's decision not to raise an issue; and second, to the State court's determination

that appellate counsel was not ineffective. *Woods v. Etherton*, 578 U.S. 113, 119 (2016)

(per curiam).

Petitioner's habitual offender claim is waived because of his no–contest plea.

ECF 8-5, PgID 552; *Freed,* 688 F.2d at 25. And appellate counsel was not ineffective

for failing to raise a waived claim on direct appeal. *See Thompson v. United States,*

42 F. App'x 766, 768 (6th Cir. 2002). Thus, Petitioner is not entitled to relief on his

ineffective assistance of appellate counsel claim.

VII.    Claim Seven: Denial of Evidentiary Hearing

"The Sixth Circuit [has] consistently held that errors in post-conviction

proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,*

484 F.3d 844, 853 (6th Cir. 2007). Challenges to State collateral post-conviction

proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C.

§ 2254," because "the essence of habeas corpus is an attack by a person in custody

upon the legality of that custody." *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986)

(cleaned up). But "[a] due process claim related to collateral post-conviction

proceedings, even if resolved in a petitioner's favor, would not 'result [in] . . . release

or a reduction in . . . time to be served . . . [so the court] would not be reviewing any

matter directly pertaining to his detention.'" *Cress,* 484 F.3d at 853 (quoting *Kirby,* 794 F.2d at 247).

Because Petitioner sought an evidentiary hearing with respect to claims that he raised in his post-conviction motion, the Court cannot review the State court's decision in habeas corpus proceedings. Thus, the Court will deny Petitioner habeas corpus relief on claim seven.

## CONCLUSION

In sum, the Court will deny the habeas petition as to all seven of Petitioner's claims. To appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Petitioner must show "that reasonable jurists could debate whether" the Court should have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will therefore deny a certificate of appealability.

Last, the Court will deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3).

**ORDER**

**WHEREFORE,** it is hereby **ORDERED** that the habeas petition [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 20, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 20, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager